UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT LOUIS STEVENSON,

    Plaintiff,

v.                                                  Case No. 8:23-cv-2513-CEH-JSS

SAINT PETERSBURG POLICE
DEPARTMENT,

    Defendant.
_____/

## **ORDER**

Plaintiff, a Florida prisoner, initiated this action by filing a civil rights complaint (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff alleges that in 2022, he was falsely arrested and falsely imprisoned. Plaintiff names the Saint Petersburg Police Department (SPPD) as defendant. And as relief, he seeks monetary damages.

After examining the complaint in accord with 28 U.S.C. § 1915(e)(2)(B)[1], the Court concludes that the complaint must be dismissed because it fails to state a claim

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

upon which relief may be granted. SPPD, the only named defendant, is not a legal entity amenable to suit. *See Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 945 (11th Cir. 2008) ("Under Florida law, police departments are not legal entities amenable to suit.") (citations omitted).[2] Accordingly, because Plaintiff seeks relief from a party that cannot be sued under Florida law, he fails to state a claim upon which relief may be granted, and the complaint must be dismissed. *Cf. Reyle v. Clay Cnty. Jail*, 2018 WL 2197782, at *1 (M.D. Fla. May 14, 2018) (dismissal without prejudice warranted when only named defendant was the jail, an entity not subject to suit).

Plaintiff's civil rights complaint (Doc. 1) is therefore **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Plaintiff may file a new lawsuit, with a new case number, against a defendant amenable to suit. The Clerk is directed to terminate any pending motions as moot, and close this case.

**ORDERED** in Tampa, Florida, on November 14, 2023.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*

---

[2] Capacity to be sued is determined by the law of the state in which the district court is held. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992).